U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

OCT 1 4 2011

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

|  |  |  |
|---|---|---|
| DAVID WARD | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 11-5236 |
| | ) | |
| v. | ) | |
| | ) | |
| Portfolio Recovery Associates, LLC, | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| | ) | |
| Defendant. | ) | (Unlawful Debt Collection Practices) |

## COMPLAINT

COMES NOW the Plaintiff, DAVID WARD, by and through her attorney, Jennifer Lueker DuCharme of the Wayne Young Law Firm, and for his Complaint against Portfolio Recovery Associates, LLC, (hereinafter "PRA") and states and allege as follows:

### JURISDICTION

1.  Jurisdiction of this Court arises under 15 U.S.C § 1692(k) (d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, and 28 U.S.C. § 1367, which grants this court supplemental jurisdiction over the state claims contained therein.

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") as well as Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

3.  Defendant conducts business in the state of Arkansas, and therefore, personal jurisdiction is established.

1

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5.  Plaintiff is a natural person residing in Springdale, Washington County, Arkansas. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Defendant PRA is a foreign limited liability company who is a debt collection company doing business in Arkansas with its foreign address located at 120 Corporate Blvd., Norfolk, Virginia 23502. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(6), and sought to collect a consumer debt from Plaintiffs.

7.  Defendant PRA acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS and PROCEDURAL HISTORY

8.  These allegations involve debt collection activity by PRA against David Ward beginning in 2005 for an alleged debt related to a Conseco Finance Account and continuing through on or about February 4, 2011. The Canseco Finance Account was opened by Plaintiff in approximately 1995. On April 8, 2005, PRA filed a Complaint against Plaintiff in the Circuit Court of Washington County, Arkansas, case number CV-05-730-6. Plaintiff hired legal counsel to represent him in that matter and an Answer was filed on his behalf on June 29, 2005. A trial date was set on the Court's docket for October 13, 2005. PRA failed to appear at the scheduled hearing and the case was dismissed.

9.  On October 19, 2010, five (5) years after the suit was dismissed, Plaintiff was again contacted by PRA in an attempt to collect the underlying debt from Conseco Finance Account. The statute of limitations for filing suit for the collection of the contractual obligation had long ago run, as had the one (1) year period for re-filing a suit under the Arkansas Savings Statute.

10. Since October 19, 2010, Defendant PRA has repeatedly employed unfair and deceptive practices in an unlawful attempt to collect an alleged debt owed by Plaintiff.

11. Since October 10, 2010, Defendant PRA placed at least the following six (6) calls to

2

Plaintiff's residential telephone:

    a.  October 19, 2010 at 1:02 p.m., caller's name unknown from PRA

    b.  November 3, 2010 at 7:47 p.m., caller's name was Caroline from PRA

    c.  November 16, 2010 at 4:40 p.m., caller's name was Heaven from PRA

    d.  December 16, 2010 at 4:38 p.m., caller's name unknown from PRA

    e.  January 20, 2010 at 3:18 p.m., caller's name was Amy McArthur, from PRA

    f.  February 4, 2011 at 3:29 p.m., caller's name unknown from PRA.

12. Defendant PRA failed at all times to provide information regarding notice as required by the FDCPA. Specifically, PRA failed to identify itself, the original creditor, the amount of the alleged debt, and in at least one recorded call failed to state that the communication was related to the collection of debt (i.e. "mini Miranda notice").

13. The communication from PRA to Plaintiff during these phone conversations was hostile and harassing in nature in violation of the FDCPA.

14. Defendant PRA continued to make these phone communications without any established business relationship or express prior consent.

15. Defendant failed to validate debts within five (5) days following the initial communication with consumer in connection with the collection of any debt in violation of 15 U.S.C. 1692(g).

16. Upon information and belief, Defendant used an automatic telephone dialing system and artificial prerecorded voice to make multiple calls to Plaintiff for non-emergency purposes and without the express consent or prior business relationship with Plaintiff in violation of the TCPA. Defendant further failed, in its prerecorded messages, to state clearly the identity of the business, individual or other entity initiating the call, as required by law of federal and Arkansas State Law.

17. Plaintiff failed to provide written notice containing the amount of the debt, name of the creditor to whom the debt is owed, statement regarding the debtor's right to dispute the validity of the debt, and other information required by 15 U.S.C.A. § 1692(g)(1) through §1692 (g)(5).

18. Defendant PRA, by and through its agents, harassed Plaintiff.

19. Defendant's harassing and threatening telephone calls caused undue emotional distress to Plaintiff. Since that time, Plaintiff has continued to suffer undue emotional distress, as the unsupported debt has been reported to collection agencies.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTIONS PRACTICES ACT**

20. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.   Defendant violated the FDCPA generally;

    b.   Harassing, oppressing or abusing Plaintiff with the collection of a debt, in violation of 15 U.S.C. § 1692(d);

    c.   Failing to validate debts within five (5) days following the initial communication with consumer in connection with the collection of any debt in violation of 15 U.S.C. 1692(g).

    d.   Using false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(e);

    e.   Falsely representing the character, amount or legal status of a debt, in violation of 15 U.S.C. §1692(e)(2);

    f.   Using false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.S. §1692 (f);

    g.   By failing to provide verification of the alleged debt;

    h.   By overshadowing Plaintiff's right to dispute the debt;

    i.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA;

21. As a result of Defendant's aforementioned violations, Plaintiff has suffered and continues to suffer emotional distress.

22. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

23. Upon information and belief, at all times relevant hereto, Defendant used, controlled and or operated "automatic telephone dialing systems" as defined by § 227(a)(1) of the TCPA.

24. Defendant initiated a minimum of six (6) telephone calls to Plaintiff's telephone via auto dialing without the express consent of Plaintiff, in violation of 47 U.S.C. §227(b).

25. The acts and or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense justification or legal excuse.

26. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and reasonable attorney's fees and costs.

## COUNT III
## DEFENDANT VIOLATED THE
## ARKANSAS DECEPTIVE TRADE PRACTICES ACT

27. Defendant's actions constitute unfair or deceptive trade practices within the meaning of the Arkansas Deceptive Trade Practices Act, as defined by A.C.A. § 4-88-101 *et seq.*

28. Plaintiff is entitled to recover actual damages and reasonable attorneys' fees and costs.

29. Plaintiff is entitled to injunctive relief against the Defendant and all others acting in concert with them, enjoying abusive debt collection practices which are directed against Arkansas residents.

## COUNT IV
## RESPONDEAT SUPERIOR LIABILITY

30. The acts and omissions of PRA employees, described further herein, were committed within the time and space limits of their relationship with their principal, Defendant PRA.

5

31. Defendant authorized and ratified the tortuous conduct of the individual collectors and agents through various means, including the acceptance of fees and monies generated by the collectors' activities.

32. The acts and omissions by PRA employees and agents were incidental to, or of the same general nature as, the responsibilities agents were authorized to perform by Defendant PRA in collecting consumer debts. Therefore, the illegal actions of the collectors were fully within the scope of their employment by Defendant.

33. In committing these acts and omissions against Plaintiff, PRA employees and agents were motivated to benefit their principal, Defendant PRA.

34. Defendant PRA had a duty to ensure that debt collection activities undertaken by the employees and agents of PRA were conducted within the bounds of the law.

35. Defendant PRA knew or should have known these actions taken by PRA and PRA employees described herein were tortuous and violated the FDCPA, the TCPA, and the Arkansas Deceptive Trade Practices Act.

## COUNT V
## NEGLIGENT HIRING, RETENTION AND SUPERVISION

36. Defendant PRA negligently hired persons of dubious character to perform collection activities.

37. Defendant PRA negligently failed to adequately supervise the individual collectors.

38. Defendant PRA negligently retained individual collectors who repeatedly violated consumer protection laws.

39. Defendant PRA therefore breached the duty to ensure debt collection activities undertaken by its employees and agents were in compliance with all consumer protection statutes and the common law.

40. Plaintiff suffered damages that were proximately caused by the Defendant's breach of that duty. Plaintiff is therefore entitled to recover compensatory damages.

WHEREFORE, Plaintiff, David Ward, respectfully pray for judgment as follows:

a.  Declaratory judgment that Defendant's conduct violated the FDCPA and TCPA:

b.  For actual and statutory damages for violations of the FDCPA and TCPA;

c.  For actual damages for violations of the Arkansas Deceptive Trade Practices Act;

d.  For damages under the doctrine of respondeat superior;

e.  For compensatory damages for negligent hiring, supervision and retention;

f.  For reasonable attorney's fees, witness fees, court costs and other litigation expenses incurred

    by Plaintiff;

g.  And for all other just and appropriate relief deemed by this Court.


**JURY TRIAL DEMANDED**.


Respectfully Submitted,
David Ward, Plaintiff

By: Jennifer Lueker DuCharme

Jennifer Lueker DuCharme
ABA No. 2007248
Wayne Young Law Firm, P.A.
3561 N. College Ave.
Fayetteville, AR 72703
PHONE:  (479) 571-8696
FAX:  (470) 571-8984
Email: jducharme@wayneyoung.com

7